09CV1403
JUDGE LEFKOW
MAGISTRATE JUDGE KEYS
AO

# EXHIBIT 1

Atty. No. 41106

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| G. NEIL GARRETT, DDS, PC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MERCER ADVISORS, INC., | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.      Plaintiff G. Neil Garrett, DDS, PC, brings this action to secure redress for

the actions of defendant Mercer Advisors, Inc., in sending or causing the sending of unsolicited

advertisements to telephone facsimile machines in violation of the Telephone Consumer

Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2

("ICFA"), and the common law.

2.      The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax

advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the

use of its fax machine.  The recipient also wastes valuable time it would have spent on something

else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause

wear and tear on fax machines, and require labor to attempt to identify the source and purpose of

the unsolicited faxes.

1

**PARTIES**

3.     Plaintiff G. Neil Garrett, DDS, PC is a corporation with offices at 605 East Grand Avenue, Lake Villa, Illinois 60046, where it maintains telephone facsimile equipment.

4.     Defendant Mercer Advisors, Inc., is an Arizona corporation that has offices at 7201 E. Princess Blvd., Scottsdale, AZ 85255.

5.     Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

**JURISDICTION AND VENUE**

6.     Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

       a.     Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

       b.     Have transacted business in Illinois.

**FACTS**

7.     On October 28, 2008, plaintiff G. Neil Garrett, DDS, PC received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8.     Discovery may reveal the transmission of additional faxes as well.

9.     Defendant Mercer Advisors, Inc., is responsible for sending or causing the sending of the faxes.

10.    Defendant Mercer Advisors, Inc., as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

11.    Plaintiff had no prior relationship with defendant and had not authorized

2

the sending of fax advertisements to plaintiff.

12. The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

13. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

14. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

15. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

16. Plaintiff incorporates ¶¶ 1-15.

17. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

18. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

3

(C) both such actions.

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

19.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

20.    Plaintiff and each class member is entitled to statutory damages.

21.    Defendants violated the TCPA even if their actions were only negligent.

22.    Defendants should be enjoined from committing similar violations in the future.

### CLASS ALLEGATIONS

23.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Mercer Advisors, Inc., promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

24.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

25.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

4

        a.       Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

        b.       The manner in which defendants compiled or obtained their list of fax numbers;

        c.       Whether defendants thereby violated the TCPA;

        d.       Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

        e.       Whether defendants thereby converted the property of plaintiff.

26.      Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

27.      A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

28.      Several courts have certified class actions under the TCPA. Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P.

Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146

P.3d 847 (Okla. Ct. App. 2006); Display South, Inc. v. Express Computer Supply, Inc., 961

So.2d 451, 455 (La. App. 1st Cir. 2007); ESI Ergonomic Solutions, LLC v. United Artists Theatre

Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young,

792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537

S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F.

Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

        29.    Management of this class action is likely to present significantly fewer

difficulties that those presented in many class actions, e.g. for securities fraud.

        WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendants for:

        a.    Actual damages;

        b.    Statutory damages;

        c.    An injunction against the further transmission of unsolicited fax

advertising;

        d.    Costs of suit;

        e.    Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

        30.    Plaintiff incorporates ¶¶ 1-15.

        31.    Defendants engaged in unfair acts and practices, in violation of ICFA § 2,

815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

        32.    Unsolicited fax advertising is contrary to the TCPA and also Illinois public

policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

33.     Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

34.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

35.     Defendants engaged in such conduct in the course of trade and commerce.

36.     Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

37.     Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

38.     Defendants should be enjoined from committing similar violations in the future.

7

## CLASS ALLEGATIONS

39.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Mercer Advisors, Inc., promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

40.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

41.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

        a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

        b.     Whether defendants thereby violated the TCPA;

        c.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

        d.     Whether defendants thereby converted the property of plaintiff.

42.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

43.     A class action is an appropriate method for the fair and efficient

adjudication of this controversy. The interest of class members in individually controlling the

prosecution of separate claims against defendants is small because it is not economically feasible

to bring individual actions.

44.     Management of this class action is likely to present significantly fewer

difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendants for:

a.     Appropriate damages;

b.     An injunction against the further transmission of unsolicited fax

advertising;

c.     Attorney's fees, litigation expenses and costs of suit;

d.     Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

45.     Plaintiff incorporates ¶¶ 1-15.

46.     By sending plaintiff and the class members unsolicited faxes, defendants

converted to their own use ink or toner and paper belonging to plaintiff and the class members.

47.     Immediately prior to the sending of the unsolicited faxes, plaintiff and the

class members owned and had an unqualified and immediate right to the possession of the paper

and ink or toner used to print the faxes.

48.     By sending the unsolicited faxes, defendants appropriated to their own use

the paper and ink or toner used to print the faxes and used them in such manner as to make them

unusable. Such appropriation was wrongful and without authorization.

9

49.    Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

50.    Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

51.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

52.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Mercer Advisors, Inc., promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

53.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

54.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    Whether defendants thereby violated the TCPA;

c.    Whether defendants thereby committed the tort of conversion;

10

d.       Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

e.       Whether defendants thereby converted the property of plaintiff.

55.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

56.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

57.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter  judgment in favor of plaintiff and the class and against defendants for:

a.       Appropriate damages;

b.       An injunction against the further transmission of unsolicited fax advertising;

c.       Costs of suit;

d.       Such other or further relief as the Court deems just and proper.

11

_____
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\22133\Pleading\Complaint_Pleading.wpd

12

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

13

## Complimentary registration for the first 50 callers!

# Economic Acceleration for Your Practice and Your Life

**G. Neil Garrett, D.D.S.**
**605 E. Grand Avenue**
**Lake Villa, IL 60046-7810**
**(847)356-3777**
**Fax (847)356-3884**

Most dentists never fully realize the financial and lifestyle opportunities that can come with practice ownership. Here is your opportunity to learn – perhaps for the first time – how to accelerate your dental earning power and safeguard your future success (even in uncertain economic times).

We invite you to take an important step in building your ideal practice. By attending this seminar, you will learn how to:

✓ Maximize the value of your practice to fund your retirement

✓ Tap into unrealized practice opportunities

✓ Increase the lifetime value of your patient base

✓ Dramatically improve production and efficiencies

✓ Make investments to create your ideal lifestyle

✓ Monitor team behavior so it is aligned with your business strategy

Seating is limited, so call our reservation agents today at **1-888-383-2177.** Or complete and return the form below to confirm your attendance.

### Wednesday, Dec. 3

3:30 p.m. - 4:00 p.m.   Registration
4:00 p.m. - 9:00 p.m.   Seminar

Hors d'oeuvres will be served

The Westin O'Hare
6100 N. River Road
Rosemont, IL 60018



**5 CE credits**

**Presenter:**
**Mark T. Murphy, DDS, FAGD**

Dr. Murphy has more than 25 years of experience in the dental industry and has lectured internationally on a wide range of subjects, including practice management, case acceptance, and the keys to financial success. Most recently, Dr. Murphy has served as a faculty member, presenter, trustee, and consultant with the Pankey Institute.

---

☒  Yes – I want to accelerate my dental earning power:

Name: _____     Phone Number: _____

  ❏  Please call me so I can register for this **educational seminar.**
      ($50 per doctor, no charge for spouse/guest)

  ❏  I am interested in a **complimentary analysis** of my practice opportunities.

---

# MERCER
## ADVISORS

**Please complete and fax back to 1-800-207-0255.**
For more information, call Mercer Advisors at 1-888-383-2177



❏ To be removed from our education database, call toll-free at 1-800-915-2571, ext. 52580.
We acknowledge that failure to comply with your request within 30 days is unlawful.

(Rev. 12/4/00)  CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT /CHANCERY DIVISION

DR G. NEIL GARRETT,
                                     **Plaintiff**

        **v.**

MERCER ADVISORS, INC., and JOHN DOES 1-10,

                                     **Defendant**

**Case No.** _____

2009CH04042
CALENDAR/ROOM 05
TIME 00:00
Class Action

## CHANCERY DIVISION CIVIL COVER SHEET

A Chancery Division Civil Cover Sheet shall be filed with the initial complaint in all actions filed in the Chancery Division. The information contained herein is for Administrative purposes only and shall not be introduced into evidence. Please check the box in front of the appropriate category which best characterizes your action being filed.

005 _____ **Administrative Review**
006 _____ **Change of Name**
001 ✓ **Class Action**
002 _____ **Declaratory Judgment**
004 _____ **Injunction**
008 _____ **Mechanic's Lien**
003 _____ **Mortgage Foreclosure**

007 _____ **General Chancery**
_____ **Accounting**
_____ **Arbitration Awards**
_____ **Certiorari**
_____ **Dissolution of Corporation**
_____ **Dissolution of Partnership**
_____ **Equitable Lien**
_____ **Interpleader**
_____ **Mandamus**
_____ **Ne Exeat**

_____ **Partition**
_____ **Quiet Title**
_____ **Quo Warranto**
_____ **Redemption Rights**
_____ **Reformation of a Contract**
_____ **Rescission of a Contract**
_____ **Specific Performance**
_____ **Trust Construction**
_____ **Other** _____

**By:** _____
                  **Attorney**          **Pro Se**

Atty. No.: 41106 _____

Name: Edelman, Combs, Latturner & Goodwin, LLC _____

Atty. for: Plaintiff _____

Address: 120 S. LaSalle St., 18th Floor _____

City/State/Zip: Chicago, IL 60603 _____

Telephone: (312) 739-4200 _____

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

(Name all parties)

DR. G. NEIL GARRETT

v.

MERCER ADVISORS, INC., and JOHN DOES 1-10,

No. _____

CALENDAR/ROOM 03

Mercer Advisors, Inc.
c/o David H. Barton, registered agent
7201 E. Princess Blvd.
Scottsdale, AZ 85255

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

❑ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

❑ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

❑ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

❑ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

❑ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

❑ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41106

Name: Edelman, Combs, Latturner & Goodwin LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle St. 18th Fl.

City/State/Zip: Chicago, IL 60603

Telephone: 312-739-4200

Service by Facsimile Transmission will be accepted at: _____

WITNESS, JAN 30 2009

DOROTHY BROWN

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

312    419-0379
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**